IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ANTWOYN TERRELL
SPENCER, # 14781-041,

Petitioner,

vs.                                                         Case No. 14-cv-00756-DRH

UNITED STATES OF AMERICA,

Respondent.

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

Petitioner, who is currently incarcerated in the Federal Correctional Institution located in Greenville, Illinois, brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge the constitutionality of his conviction and sentence. Petitioner filed the instant petition on July 1, 2014 (Doc. 1). This is the third petition that he has filed with this Court in less than nine months. *See Spencer v. Cross*, No. 13-cv-01133-DRH (S.D. Ill. filed November 4, 2013) (Doc. 1); *see also Spencer v. Cross*, No. 14-cv-00056-DRH (S.D. Ill. filed January 16, 2014) (Doc. 1). Like those before it, this petition shall be **DISMISSED**.

I. **Background**

On September 18, 2007, a jury found petitioner guilty of conspiracy to distribute cocaine and crack, attempted possession with intent to distribute, and money laundering. *United States v. Spencer*, Case No. 07-cr-174 (D. Minn.) ("criminal case") (Doc. 144). Petitioner was sentenced to 324 months of imprisonment on January 15, 2009 (Doc. 294, criminal case). The Eighth Circuit affirmed his conviction and sentence on January 21, 2010 (Doc. 333, criminal case).

Petitioner filed a timely motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. *Spencer v. United States*, Case No. 10-cv-1803 (D. Minn.) (Doc. 338, criminal case). The government was ordered to respond, and the motion was denied on April 15, 2011 (Doc. 363, criminal case). Petitioner appealed, but was denied a certificate of appealability by the Eighth Circuit. *Spencer v. United States*, Case No. 11-2319 (8th Cir. Oct. 25, 2011).

Petitioner subsequently filed two petitions for a writ of habeas corpus under 28 U.S.C. § 2241 in this Court. *See Spencer v. Cross*, No. 13-cv-01133-DRH (S.D. Ill. filed November 4, 2013) (Doc. 1); *Spencer v. Cross*, No. 14-cv-00056-DRH (S.D. Ill. filed January 16, 2014) (Doc. 1). In the first, petitioner claimed that the trial court erroneously failed to conduct an evidentiary hearing in his § 2255 proceeding. *Spencer*, No. 13-cv-01133-DRH (S.D. Ill. 2013) (Doc. 1, p. 6; Doc. 1-1, pp. 2-3). He also challenged the use of Jury Instruction Nos. 20 and 21 at his trial. *Id.* (Doc. 1, p. 6; Doc. 1-1, pp. 4-5). This Court dismissed the first

petition with prejudice on November 27, 2013. *Id.* (Doc. 3).

Less than two months later, petitioner filed a second petition. *Spencer*, No. 14-cv-00056-DRH (S.D. Ill. 2014) (Doc. 1). In it, he once again challenged Jury Instruction Nos. 20 and 21. *Id.* (Doc. 1, p. 6). Petitioner also claimed that he was denied due process of law under 28 U.S.C. § 2243. *Id.* The Court dismissed the second petition with prejudice on February 10, 2014. *Id.* (Doc. 3). The Court also threatened petitioner with sanctions for future frivolous filings, consistent with *Alexander v. United States*, 121 F.3d 312, 315 (7th Cir. 1997).

## II. Habeas Petition

Petitioner's third § 2241 petition is now before the Court. The petition focuses on a single claim, which petitioner already asserted in his first § 2241 petition. Petitioner once again argues that the district court violated his Fifth Amendment right to due process of law by failing to conduct an evidentiary hearing in his § 2255 proceeding (Doc. 1, p. 2). He seeks release from custody (Doc. 1, p. 5).

## III. Discussion

Rule 4 of the Rules Governing § 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases. After carefully

reviewing the petition in the present case, the Court concludes that petitioner is not entitled to relief, and this petition, like the two before it, must be dismissed.

Ordinarily, a person may challenge his federal conviction only by means of a motion brought before the sentencing court pursuant to 28 U.S.C. § 2255, and this remedy normally supersedes the writ of habeas corpus. A § 2241 petition by a federal prisoner is generally limited to challenges to the execution of the sentence. *Valona v. United States,* 138 F.3d 693, 694 (7th Cir. 1998); *Atehortua v. Kindt,* 951 F.2d 126, 129 (7th Cir. 1991). Federal prisoners may utilize § 2241, however, to challenge the legality of a conviction or sentence in cases pursuant to the "savings clause" of § 2255(e). 28 U.S.C. § 2255(e). The savings clause allows a petitioner to bring a claim under § 2241, where he can show that a remedy under § 2255 is inadequate or ineffective to test the legality of his detention. *Id.*; *see United States v. Prevatte*, 300 F.3d 792, 798-99 (7th Cir. 2002). The fact that a petitioner may be barred from bringing a second § 2255 petition is not, in itself, sufficient to render it an inadequate remedy. *In re Davenport,* 147 F.3d 605, 609-10 (7th Cir. 1998) (§ 2255 limitation on filing successive motions does not render it an inadequate remedy for a prisoner who had filed a prior § 2255 motion). Instead, a petitioner under § 2241 must demonstrate the inability of a § 2255 motion to cure the defect in the conviction.

The Seventh Circuit recently reiterated the rule that a § 2241 petition can only be used to attack a conviction or sentence when the § 2255 remedy "is inadequate or ineffective to test the legality of [the prisoner's] detention." *Hill v.*

*Werlinger*, 695 F.3d 644, 648 (7th Cir. 2012) (internal citations omitted). "'Inadequate or ineffective' means that 'a legal theory that could not have been presented under § 2255 establishes the petitioner's actual innocence.'" *Id.* (citing *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002); *In re Davenport*, 147 F.3d at 608). Actual innocence is established when a petitioner can "admit everything charged in [the] indictment, but the conduct no longer amount[s] to a crime under the statutes (as correctly understood)." *Kramer v. Olson*, 347 F.3d 214, 218 (7th Cir. 2003).

Petitioner's present claim, which attacks the trial court's handling of his § 2255 proceeding, does not fall within the "savings clause" of § 2255(e). The claim is purely frivolous. As explained by this Court in its Order dismissing the first petition, section 2241 cannot provide petitioner with the relief he seeks. *See Spencer*, Case No. 13-cv-01133-DRH (S.D. Ill. 2013) (Doc. 3, p. 4) (stating that "[t]he Court does not see any error in the trial court's determination that, after receiving the government's reply, it could rule on petitioner's § 2255 motion without the necessity for an evidentiary hearing"). Petitioner does not suggest that the charged conduct is no longer a crime. He does not assert that a new legal theory, which could not have been presented in his original § 2255 proceeding, now establishes his actual innocence. He merely attacks the trial court's handling of his § 2255 motion. The proper forum for raising this claim was in petitioner's appeal of the dismissal of his § 2255 action. Because petitioner has once again failed to demonstrate that § 2255 is an inadequate remedy for his current claim,

the petition shall be **DISMISSED**.

The Court also notes that the United States of America was not properly named as a party in this action. In a habeas corpus proceeding, the proper respondent is the prisoner's custodian; in other words, the warden of the prison where the inmate is confined. *See* 28 U.S.C. § 2242 (an application for a writ of habeas corpus shall name the *person* who has custody over the applicant); *Rumsfeld v. Padilla,* 542 U.S. 426, 442, 447 (2004); *Kholyavskiy v. Achim,* 443 F.3d 946, 948-49 (7th Cir. 2006); *Hogan v. Hanks*, 97 F.3d 189, 190 (7th Cir. 1996).

## IV. Warning

Since his first habeas petition was dismissed in November 2013, petitioner has filed two additional habeas petitions in this Court that consist of repetitious claims. In doing so, petitioner has disregarded the Court's order dismissing those claims with prejudice the first time he raised them. *Spencer*, Case No. 13-cv-01133-DRH (S.D. Ill. 2013) (Doc. 3, p. 5). Petitioner has also ignored the Court's warning to stop filing frivolous petitions or face sanctions. *Spencer*, Case No. 14-cv-00056-DRH (S.D. Ill. 2014) (Doc. 3, p. 5) (citing *Alexander v. United States*, 121 F.3d 312, 315 (7th Cir. 1997)). The Court's patience has worn thin. Because petitioner has filed numerous frivolous habeas petitions in this Court, the petitioner is hereby **WARNED this FINAL TIME**: **any further habeas petition that petitioner files in this Court will be subject to the type of sanction imposed by the Court of Appeals in** *Alexander v. United States*, **121 F.3d**

**312, 315 (7th Cir. 1997).** In *Alexander*, the Court warned that if the petitioner filed any further habeas petitions he would be fined $500, face a *Mack* order requiring that his fine be paid before any other civil litigation be allowed to be filed, and any habeas action will be summarily dismissed thirty days after filing unless otherwise ordered by the Court.

### V. Filing Fee

Petitioner filed this habeas action on July 1, 2014. The case was opened without payment of the $5.00 filing fee or the filing of a Motion and Affidavit to Proceed in District Court Without Prepaying Fees or Costs ("Motion and Affidavit"). On July 1, 2014, the Clerk advised petitioner of his obligation to pay the $5.00 filing fee or to file a Motion and Affidavit within thirty days, i.e., by July 31, 2014 (Doc. 2). The Clerk provided petitioner with a copy of the Motion and Affidavit. Petitioner was also instructed to have the Trust Fund Officer at his facility complete the attached certification and provide the Court with a copy of his trust fund account statement (or institutional equivalent) for the period January 1, 2014 – July 1, 2014. To date, petitioner has not responded. The dismissal of this case does not relieve him of his obligation to meet this deadline.

### VI. Disposition

Petitioner has not demonstrated that § 2255 provides an inadequate remedy for his claim. Consistent with *In re Davenport*, he cannot raise his present claim through a § 2241 petition. *Davenport*, 147 F.3d 605 (7th Cir. 1998). Accordingly, the petition is summarily **DISMISSED** with prejudice.

Further, because petitioner has filed numerous frivolous habeas petitions in this Court, the petitioner is hereby **WARNED**: **any further habeas petition that petitioner files in this Court will be subject to the type of sanction imposed by the Court of Appeals in** *Alexander v. United States*, **121 F.3d 312, 315 (7th Cir. 1997).** In *Alexander*, the Court warned that if the petitioner filed any further habeas petitions he would be fined $500, face a *Mack* order requiring that his fine be paid before any other civil litigation be allowed to be filed, and any habeas action will be summarily dismissed thirty days after filing unless otherwise ordered by the Court.

If petitioner wishes to appeal this dismissal, he may file a notice of appeal with this court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues petitioner plans to present on appeal. See FED. R. APP. P. 24(a)(1)(C). If petitioner does choose to appeal and is allowed to proceed IFP, he will be required to pay a portion of the $505.00 appellate filing fee in order to pursue his appeal (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998). A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal

deadline.[1]  It is not necessary for petitioner to obtain a certificate of appealability. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: July 23, 2014**

Digitally signed by
David R. Herndon
Date: 2014.07.23
11:58:26 -05'00'

Chief Judge
United States District Court

---

[1] A Rule 59(e) motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.  FED. R. CIV. P. 59(e).